UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Tyson, # 113360,<br>  *a.k.a. Charles Kevin Bruce Tyson*,<br><br>                  Petitioner,<br><br>vs.<br><br>Warden Padula,<br><br>                  Respondent. | )<br>)<br>)<br>) C/A No. 6:11-1211-MBS-KFM<br>)<br>) **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>) |

Petitioner, Charles Tyson, also known as Charles Kevin Bruce Tyson ("Petitioner"), a self-represented state prisoner housed in the Lee Correctional Institution in Bishopville, South Carolina, has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC) for initial screening. Petitioner is serving a sentence of life imprisonment plus 25 years for murder and armed robbery, after being convicted and sentenced in Florence County General Sessions Court on September 21, 1982. ECF No. 1, p. 1. Petitioner previously filed a § 2254 petition in this Court on July 3, 1985, challenging these same state court convictions and sentences. *See* ECF No. 1, p. 80*; Tyson v. McKellar, et al*, C/A No. 3:85-1834-CES-WMC (D.S.C. 1985).[1] In that case, Respondents' motion for summary judgment was granted, and Petitioner's § 2254 petition was dismissed with prejudice by this Court.[2] Having reviewed the instant Petition and

---

[1] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[2] Petitioner alleges that, in that case, "the Magistrate issued [his] Report on October 15, 1985. The district judge agreed with the report, and granted summary judgment on November

1

applicable law, the Court finds that this second § 2254 Petition should be summarily dismissed.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322

---

4, 1985, for the respondents." ECF No. 1, p. 80.

(1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## **BACKGROUND**

Petitioner again seeks to attack his September 1982 state court convictions and sentences in Florence County General Sessions Court, via this second § 2254 petition. Petitioner raises the following grounds: (1) the trial judge's jury charge on malice or intent impermissibly shifted the burden of proof to Petitioner; (2) the prosecutor and trial judge committed misconduct when they altered the armed robbery count of Petitioner's indictment; (3) Petitioner's trial counsel were ineffective in failing to defend the charge of robbery of a .357 magnum revolver (when the original indictment alleging robbery of goods

3

or monies was amended during trial after the prosecutor realized that the evidence of the originally charged robbery count had not been preserved); (4) Petitioner's trial counsel were ineffective in allowing Petitioner to be tried and convicted on an indictment that was never presented to the grand jury; (5) Petitioner's trial counsel were ineffective for failing to investigate the case; and (6) Petitioner's direct appeal counsel was ineffective in failing to raise the misconduct of the prosecutor and trial judge and the erasure of the trial transcript. *See* ECF No. 1, p. 54, 57 - 59, 68, 70, 72 - 78. Petitioner claims that "the failure of this court to hear this issue will result in a continued manifest miscarriage of justice." ECF No. 1, p. 67, 69, 71, 79, 82. Petitioner alleges:

> With the passage of time, the state high court would not hear any of these claims. . . . None of these grounds have ever been before a federal court. Ground 1, 2 have been presented in state court. Ground 3, 4, 5, and 6 have not been presented to a state court. The state impeded the raising of the claims, also it would have been futile to raise the claims in state court, where [the] state was and is suppressing the criminal misconduct of the prosecutor and trial judge. Reviewing these issues reveals the criminal act, and petitioner's innocence of the armed robbery of the revolver.

ECF No. 1, p. 79. Petitioner alleges that he "only filed one federal petition in the US District Court, District of South Carolina. Case No. 3:85-1834-6K. It was a 2254 petition. The issue was a *Miranda* issue." ECF No. 1, p. 80. With regard to the timeliness of his Petition, Petitioner alleges that equitable tolling should apply in this matter because: the state trial court "committed [a] criminal act of forgery"; the state "intentionally with malice stripped [P]etitioner of his hired counsel(s)"; "Congress never intended for any provision of the AEDPA to be a mechanism to be used by state's and or state's official's to suppress their criminal act(s)"; and "it would be unconstitutional to allow the state . . . to commit criminal act(s) during a trial proceeding, then hide that act(s) from any and all judicial review by

using the provisions of the AEDPA." *See* ECF No. 1, p. 82. However, because Petitioner has not obtained authorization from the Fourth Circuit Court of Appeals, pursuant to § 2244(b)(3)(A)-(E), to file this second § 2254 petition, this Court lacks jurisdiction to hear the action, and Petitioner is barred from attacking his state court convictions and sentences a second time.

## DISCUSSION

Under 28 U.S.C. § 2244(b)(3)(A), "*[b]efore* a second or successive [§ 2254] application permitted by this section is filed in the district court, the applicant *shall move* in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added).

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3)(B) - (E).[3]

---

[3] Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts reiterates this requirement, stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals, authorizing the district

Hence, the threshold issue in this case is whether Petitioner has complied with the provisions of § 28 U.S.C. § 2244(b)(3)(A)-(E) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, which govern an action in which a petitioner, who is in custody pursuant to the judgment of a state court, seeks to present claims in a second or successive habeas corpus application under § 2254.

Pursuant to the cited statute and rule, when a petitioner has previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). As the Fourth Circuit explained in *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004), the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals." *See also In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [(the Fourth Circuit Court of Appeals)] under the standard established in section 2244(b)(3)(C)."); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). Such a motion has not been filed in the Fourth Circuit by Petitioner, and such an order making the required determination to authorize this Court to consider this second § 2254 petition has not been issued by the Fourth Circuit. Consequently, this District Court has no jurisdiction to consider the instant

---

court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

6

Petition, and Petitioner is barred from attacking his state court conviction and sentence in this Court. Therefore, the Petition should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the instant Application for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without issuance and service of process upon Respondent. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent). **Petitioner's attention is directed to the important notice on the next page.**

s/ Kevin F. McDonald
United States Magistrate Judge

June 23, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).