IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Tyson, #113360,<br>  a.k.a. Charles Kevin Bruce Tyson,<br><br>          Petitioner,<br><br>vs.<br><br>Warden Padula,<br><br>          Respondent. | Civil Action No. 6:11-1211-MBS-KFM<br><br>**ORDER AND OPINION** |

On May 20, 2011, Charles Tyson ("Petitioner"), a South Carolina state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling.

On February 23, 2012, the Magistrate Judge issued a Report and Recommendation in which he found that the petition was successive and that Petitioner had not obtained authorization to file a successive petition from the Fourth Circuit. ECF No. 7. The Magistrate Judge noted that Petitioner had previously filed a § 2254 petition in this court challenging the same conviction and sentence, which was adjudicated on the merits and denied. *See Tyson v. McKellar*, No. 3:85-CV-1834 (D.S.C. Nov. 3, 1985). Accordingly, the Magistrate Judge recommended that the petition be dismissed without issuance and service of process. Petitioner filed objections to the Magistrate Judge's Report and Recommendation on March 13, 2012. ECF No. 14.

1

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* This court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*

Petitioner objects to the Magistrate Judge's determination that his petition is successive, arguing that the petition "is only . . . numerically second, because the [petition] does not raise any ground that could have been raised in his earlier application." ECF No. 19 at 1. Petitioner explains that at the time of his initial petition he did not have the benefit of the Supreme Court's holding in *Francis v. Franklin*, 471 U.S. 307 (1985), which supports his claim based on improper jury instructions. *Id.* at 3-7. Petitioner also argues that he could not have raised his claim regarding prosecutorial and judicial misconduct in his earlier petition because "the state suppress[ed] it." *Id.* at 8. Finally, Petitioner argues that he is "actually innocent" of armed robbery and that the court's refusal to hear his ineffective assistance of counsel claims will result in a "fundamental miscarriage of justice." *Id.* at 9-10.

Petitioner's arguments are properly addressed to the Fourth Circuit in a motion for authorization to file a successive petition. A court of appeals may authorize a successive petition if "the factual predicate for [a] claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the

2

underlying offense." 28 U.S.C. § 2244(b)(2)(B). A court of appeals may also authorize a successive petition if a claim is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). However, Petitioner's arguments, even if correct, do not establish that the present petition is not "successive." If any of a petitioner's habeas claims have been adjudicated on the merits, a subsequent petition attacking the same sentence is necessarily "successive" unless it challenges some defect that arose after the sentence. *See Burton v. Stewart*, 549 U.S. 147, 154-56 (2007) (per curiam); *Leal Garcia v. Quarterman*, 573 F.3d 214, 224 (5th Cir. 2009) In the absence of authorization by the Fourth Circuit, this court lacks jurisdiction to hear a successive petition. *See Burton*, 549 U.S. at 152.

## **CONCLUSION**

After a *de novo* review of the record in this case, the Court determines that Petitioner's objections to the Magistrate Judge's Report and Recommendation are without merit. Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. Petitioner's action is dismissed without prejudice and without issuance or service of process. Before Petitioner attempts to file another petition for writ of habeas corpus in this district challenging the same state court sentence, he must seek and obtain permission from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Petitioner may obtain the necessary form from the Fourth Circuit Clerk's Office (1100 East Main Street – Suite 501, Richmond, Virginia 23219-3517). The form is entitled "Motion for Authorization to File Successive Application under 28 U.S.C. § 2244."

**CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court denies a certificate of appealability.

**IT IS ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina
April 2, 2012

4